**David WEST, Plaintiff,**

v.

**Charles ROWE, Director of the Illinois Department of Corrections, David Brierton, Warden, Assistant Warden Kapture, Major Cartwright, and Captain Shiefflet, Defendants.**

No. 77 C 3783.

United States District Court,
N. D. Illinois, E. D.

Feb. 23, 1978.

Carol Manzoni, Pope, Ballard, Shepard & Fowle, Chicago, Ill., for plaintiff.

Charles W. Pulliam, Ill. Dept. of Corrections, Chicago, Ill., for David Brierton, Warden, and Asst. Warden Kapture.

Michael Santow, Chicago, Ill., for Charles Rowe.

## MEMORANDUM OPINION

WILL, District Judge.

This action is brought *pro se* and *in forma pauperis* by David West, a former inmate of Stateville Correctional Center, Joliet, Illinois, alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 by several employees of the Illinois Correctional System and the Stateville prison.[1] Jurisdiction is invoked pursuant to 28 U.S.C. § 1343. Two of the defendants, Charles Rowe, Director of the Illinois Department of Corrections, and Captain Shiefflet, a guard at Stateville, have moved for dismissal of plaintiff's complaint for failure to state a claim upon which relief can be granted.

For the reasons herein stated, we grant in part and deny in part these motions to dismiss.

## I. ISSUES AND FACTS

The United States Supreme Court in *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), held that a *pro se* complaint is subject to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," 404 U.S. at 520–21, 92 S.Ct. at 596. Accordingly, we construe plaintiff's § 1983 complaint as alleging two claims of constitutional violations. The facts relevant to the first claim state that while in protective custody at Stateville, plaintiff wrote several letters to Corrections Director Rowe, Warden David Brierton and Assistant Warden Kapture indicating his fears that his life was in danger. None of these letters was answered. On May 16, 1977, plaintiff states he was stabbed twice, once above the heart and once in his upper left arm. He was sent to St. Joseph's Hospital, Joliet, Illinois, where his condition was diagnosed as critical. He was placed in intensive care for approximately two and one-half weeks. By these allegations we find that plaintiff has stated a claim against defendants Rowe, Brierton and Kapture for unreasonably failing adequately to protect him from violent assault by another inmate after notice of that danger in violation of his constitutional right to be free from cruel and unusual punishment under the Eighth Amendment.

Plaintiff's second set of allegations are less clearly defined but appear to involve his dissatisfaction with administrative responses to his inter and intra institutional

---

1. Service was not successfully executed on three other defendants. Although we will reorder service as to two of them, former Warden David Brierton and former Assistant Warden Kapture, we recognize that the instant ruling is not binding on them. Plaintiff has also joined as a defendant a Major Cartwright, whom he alleges was in charge of security at Stateville. Summons was never successfully served on Cartwright and we will not reorder its service because plaintiff's complaint fails to allege any facts against Cartwright upon which relief could be granted. Plaintiff's mere allegation that as security supervisor Cartwright was responsible for his safety would be inadequate to withstand a *respondeat superior* defense.

transfers. After plaintiff's release from the hospital, Captain Shiefflet ordered him to return to his assignment which was in the same area in which the assault occurred. When plaintiff refused this order, he was placed in segregation. Inquiries made by plaintiff to Assistant Warden Kapture regarding a transfer for plaintiff's protection to the Joliet Correctional Center (J.C.C.) were never answered. On July 8, 1977, Captain Shiefflet visited plaintiff in segregation and told him that his prior approved transfer to the J.C.C. was an error but that he, Captain Shiefflet, would approve plaintiff's transfer to the J.C.C. provided plaintiff would return to the cell house where he was stabbed. The justification Captain Shiefflet gave was that plaintiff could not be transferred to the J.C.C. directly from segregation. Plaintiff was taken to the cell house in safekeeping that provided 24-hour lock-up. On August 5, 1977, almost one month later, plaintiff was transferred to the J.C.C. where he is presently incarcerated. Accordingly, we construe plaintiff's complaint to allege a violation of his civil rights because (1) his inquiries regarding his transfer to the J.C.C. were never answered by Assistant Warden Kapture and (2) after his release from the hospital, Captain Shiefflet twice ordered his return to the area of the assault.

## II. CRUEL AND UNUSUAL PUNISHMENT CLAIM

 Allegations charging prison officials with failure to respond to a inmate's letters are not per se cognizable under § 1983. Similarly, allegations of supervisory negligence without personal involvement, *McDonald v. Illinois*, 557 F.2d 596 (7th Cir. 1977), and charges of negligent failure to protect inmates from physically attacking each other are insufficient without more to state a claim under § 1983. *Bonner v. Coughlin*, 517 F.2d 1311 (7th Cir. 1975). However, when successive letters are sent to numerous supervisory officials by an inmate in an effort to enlist their assistance in protecting him from a life endangering situation, thereby placing them on notice of such situation, adminis-

trative negligence can rise to the level of deliberate indifference to or reckless disregard for that prisoner's safety. *Jamison v. McCurrie*, 565 F.2d 483 (7th Cir. 1977). We entirely agree with the Seventh Circuit's statement in *Little v. Walker*, 552 F.2d 193 (7th Cir. 1977) that "[W]hile mere inadvertence or negligence cannot support a § 1983 action raising Eighth Amendment issues, deliberate indifference '[r]egardless of how evidenced'—either by actual intent or recklessness—will provide a sufficient foundation." *Id.* at 198 n. 8, quoting from *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

In the landmark case of *Holt v. Sarver*, 442 F.2d 304, 308 (8th Cir. 1971), the Eighth Circuit held that under the Eighth Amendment prisoners are entitled to protection from assaults by other prisoners. See also, *Kish v. County of Milwaukee*, 441 F.2d 901 (7th Cir. 1971):

"It has been both a settled and first principle of the Eighth Amendment . . . that penal measures are constitutionally repugnant if they 'are incompatible with "the evolving standards of decency that mark the progress of a maturing society," or [if they] "involve the unnecessary and unwanton infliction of pain." ' *Estelle v. Gamble*, 429 U.S. 97, [97 S.Ct. 285, 50 L.Ed.2d 251] (1976) [citations omitted] . . . Violent attacks . . . by inmates upon the plaintiff while in protective segregation are manifestly 'inconsistent with contemporary standards of decency.' *Id.* 'Deliberate indifference' to these happenings 'constitutes the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment.' "

*Little v. Walker, supra* at 197.

 Accordingly, we hold that when an inmate's repeated requests for help place the appropriate officials on notice of a life endangering situation, a constitutional duty of care arises, binding such officials to take reasonable measures to ensure that inmate's safety. Whether the evidence will establish that the officials, thus notified, failed to take such measures and grievous

bodily harm resulted to the inmate, the allegations of the complaint are adequate under § 1983. See also, *Kish, supra.*

We reject defendant Rowe's argument that the doctrine of *respondeat superior* immunizes him in this situation. Certainly, absent a showing of good faith, "it is clear that, unlike judges or members of the legislature, state executive officials do not enjoy an absolute immunity from personal liability as to all acts performed within the scope of their official duties [citations omitted]." *Knell v. Bensinger,* 522 F.2d 720, 723 (7th Cir. 1975). We construe plaintiff's complaint to allege that through his letters, defendant Rowe had or should have had actual prior knowledge of the possibility of a violent attack and should have taken action accordingly. *Wood v. Strickland,* 420 U.S. 308, 321–22, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975). Rowe's failure to respond to these letters raises the question of whether by deliberate indifference to or reckless disregard of these warnings he violated plaintiff's right to be free from cruel and unusual punishment. *Knell, supra.* Because these allegations relate to Rowe's action or lack thereof, they suggest more than mere *respondeat superior* theory and are therefore sufficient under § 1983. *Black v. Brown,* 513 F.2d 652, 654 n. 3 (7th Cir. 1975). Accordingly, we deny defendant Rowe's motion to dismiss.

### III. TRANSFER CLAIMS

Plaintiff's complaint states that Assistant Warden Kapture failed to respond to his inquiries regarding his transfer to the J.C.C. and that he was twice ordered by Captain Shiefflet to return to the area where the assault occurred as a condition precedent to his transfer to the J.C.C. Since we find in these facts no constitutional violations, we must defer to the prison administration's determination as to the appropriate placement of its inmates. We, therefore, grant defendant Shiefflet's motion to dismiss the complaint as to him.

In conclusion, we deny defendant Rowe's motion to dismiss. We grant defendant Shiefflet's motion to dismiss as to the transfer claims. Because summons to them were returned unexecuted, we order that service again be attempted on defendants Brierton and Kapture.

An appropriate order will enter.