**Orlando PARADISE, Plaintiff,**

**v.**

**Richard DeROBERTIS, et al.,
Defendants.**

**No. 83 C 9196.**

United States District Court,
N.D. Illinois, E.D.

Oct. 29, 1984.

Orlando Paradise, pro se.

Neil F. Hartigan, Atty. Gen. by John A. Ward, Asst. Atty. Gen., Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

Plaintiff, an inmate at Stateville Correctional Center, brings this *pro se* action pursuant to 42 U.S.C. § 1983 seeking injunctive, declaratory, and monetary relief for

the alleged deprivation of his constitutional rights. Named as defendants are Richard DeRobertis and Michael O'Leary, respectively Warden and Assistant Warden at Stateville Correctional Center at the time plaintiff's claims arose. Before the Court is defendants' motion to dismiss the complaint. For the reasons that follow, the motion is denied.

According to plaintiff's allegations, he personally informed defendants that, due to his young age (twenty-three), slight build, and noninvolvement with gangs, he feared attack by other prisoners upon his release from segregation. Plaintiff also showed defendants a threatening letter he had received from other inmates. Defendants subsequently transferred plaintiff from segregation to Unit H. Approximately one week later, he was threatened with harm unless he paid "protection" money or provided sexual favors. Plaintiff reported these threats to defendants, but they did not respond.

The following week, plaintiff was attacked while enroute to the dining hall. Although he was hurt, he did not report the incident because his assailants warned him of worse beatings in the future if he were to do so. A week later, plaintiff suffered a second attack, this time in his cell. He does not know the identities of his attackers because they wore hoods which covered their faces. At the time of filing this action, plaintiff again resided in segregation (apparently as a disciplinary sanction for his possession of a weapon he had fashioned for protection) and again had communicated to defendants his belief that he would be in danger when removed from segregation.

On the basis of these allegations, plaintiff charges defendants with violating his rights under the Eighth and Fourteenth Amendments by failing to adequately protect him. Defendants contend that plaintiff has failed to state a claim upon which relief may be granted.

■ A prisoner has an Eighth Amendment right to receive reasonable protection from harm inflicted by other inmates. *Little v. Walker*, 552 F.2d 193, 197 (7th Cir. 1977), *cert. denied*, 435 U.S. 932, 98 S.Ct. 1507, 55 L.Ed.2d 530 (1978). While the mere inadvertence or negligence of a prison official is insufficient to state an Eighth Amendment claim under § 1983, "deliberate indifference '[r]egardless of how evidenced'—either by actual intent or recklessness" will support a cause of action. *Little*, 552 F.2d at 198 n. 8 (quoting from *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 291–92, 50 L.Ed.2d 251 (1976)). *See also Walsh v. Brewer*, 733 F.2d 473, 476 (7th Cir.1984). Furthermore, in order for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed violation of a constitutional right must be established. *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir.1981).

■ Defendants in the instant case contend that plaintiff has failed to allege the requisite personal involvement of the defendants. The Court disagrees. In *West v. Rowe*, 448 F.Supp. 58 (N.D.Ill.1978), an inmate, while in protective custody at Stateville, wrote several letters to prison officials indicating his fears that his life was in danger. These requests for help went unanswered, and, thereafter, plaintiff was stabbed. The Court held that the inmate had stated an Eighth Amendment claim against those administrators to whom he had written for unreasonably failing to protect him from violent assault after notice of that danger. In the present case, plaintiff allegedly personally informed defendants of his concerns prior to his removal from segregation and again shortly before the first attack. In light of *West*, the Court finds that defendants' alleged failure to take any precautions after actual notice of plaintiff's security needs constitutes personal involvement and ultimately may demonstrate deliberate indifference to his safety.

■ Defendants also argue that the complaint is insufficient to state a cause of action under § 1983 because it is unsupported by specific facts, such as the dates of the attacks and the identities of the

assailants. The lack of these particulars, however, does not warrant dismissal at this time.

With respect to the dates of the attacks, plaintiff does indicate that the first one occurred two weeks after defendants transferred him from segregation to Unit H and the second took place one week after the first. It would appear that the date of transfer is the type of information contained in prison records and, as such, could be obtained through discovery. With the date of transfer, the approximate dates of the attacks may be calculated.

Furthermore, plaintiff's inability to name his attackers does not render the complaint insufficient to state a claim against defendants for failure to provide reasonable protection. Plaintiff has alleged that defendants took no action whatsoever despite actual knowledge of threats to his life. If true, the allegation would support a finding of deliberate indifference on the part of defendants and is sufficient to withstand defendants' motion to dismiss.

Accordingly, the Court denies defendants' motion to dismiss. Plaintiff's motion for leave to file amended complaint is granted. Defendants are ordered to answer or otherwise plead to the amended complaint within 10 days of entry of this order.

IT IS SO ORDERED.