Moises Hernandez RAMIREZ,
et al., Plaintiffs,

v.

Joseph F. COLON, et al., Defendants.

Civ. No. 95–1829 (PG).

United States District Court,
D. Puerto Rico.

May 6, 1997.

Moises Hernandez Ramirez, pro se.

Hjalmar Flax, Dept. of Justice for P.R., Federal Litigation Division, San Juan, for Defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

Plaintiffs, Moisés Hernández Ramírez and José M. Ramos Pérez, former inmates of the San Juan and Mayaguez Correctional Institutions, respectively, and now inmates at the institution of maximum security in Ponce, Puerto Rico, filed this action *pro se* under 42 U.S.C. § 1983 against defendants, Joseph F. Colón, as Administrator of Correction; José Rivera Vázquez, as Superintendent of the Correctional Institution of San Juan; Enrique Montañez Feliciano, as Superintendent of the institution of maximum security in Ponce; the Department of Correctional Health Services; and Enok Dávila, as President of Aras Service, Inc. Plaintiffs claim defendants violated their constitutional rights under the Eighth Amendment by depriving them of medical care and treatment to their serious health conditions. The complaint only seeks monetary damages.

Various motions were filed by the parties and were referred to a U.S. Magistrate Judge, who issued a report and recommendation on June 25, 1996, filed on June 28, 1996 (Docket # 44). Co-defendants Montañez Feliciano, Rivera Vázquez and Colón filed their opposition to the report and recommendation (Docket # 46).

The first issue considered by the magistrate judge was a motion filed by Colón to set aside the default entered on April 1, 1996 (Docket # 29). Colón also filed a request for the dismissal of the complaint. The magistrate judge held in abeyance Colón's motion to set aside default and his motion to dismiss until he complied with a previous order issued on March 28, 1996, to the Administration of Correction to submit a status report "regarding any action taken on compliance with this order to provide medical treatment to plaintiffs, as well as to inform the outcome of medical evaluations."

On June 26, 1996, before the magistrate judge's report and recommendation was filed, Colón filed his motion tendering a status report of plaintiffs' medical treatment (Docket # 40). Therein he states that Dr. Ramos, Director of Clinical Services of the Ponce Correctional Complex, was preparing an updated and detailed report on the medical status of both plaintiffs, which he expected to send to the Court the following week.

On June 27, 1996, Colón filed a motion to correct an information given in his motion tendering status report in relation to Pérez Ramos' refusal to receive Interferon treatment.

The second issue considered by the magistrate judge was a motion to dismiss for failure to state a claim filed by co-defendants Montañez Feliciano and Rivera Vázquez. The magistrate judge concluded that under the legal interpretation afforded *pro se* pleadings "[a]s a minimum plaintiffs' original *pro-se* complaint and attachments have established they have notified, appraised and attempted to obtain from their custodians, medical treatment and care for significant health conditions." He therefore denied co-defendants' motion to dismiss.

Co-defendants Montañez Feliciano and Rivera Vázquez argue that plaintiffs' pleadings are no longer *pro se* because plaintiffs are being represented by counsel.

On March 25, 1996, attorney Luis G. Salas entered an appearance on behalf of Ramos Pérez. On that same date a hearing was held before the magistrate judge, who appointed attorney Salas to represent the other plaintiff, Hernández Ramírez. Plaintiffs were granted fifteen days to file an amended complaint. They failed to do so even though they were faced with a motion of dismissal filed by co-defendants Montañez Feliciano and Rivera Vázquez advising plaintiffs of the deficiencies of the *pro se* complaint. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.1987) (before dismissing a complaint, the

district court must give a *pro-se* litigant an opportunity to amend).

### Failure to State a Claim

In order to state a section 1983 claim, the plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), overruled on other grounds, *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Liability cannot be based on a theory of vicarious liability or *respondeat superior. Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Lipsett v. University of Puerto Rico,* 864 F.2d 881, 901–02 (1st Cir.1988); *Guzmán v. City of Cranston,* 812 F.2d 24, 26 (1st Cir.1987). Liability in damages can only be imposed upon officials who were involved personally in the deprivation of constitutional rights. *Pinto v. Nettleship,* 737 F.2d 130, 132 (1st Cir.1984). The requisite personal involvement of a prison official may be established by showing that the official knew of the prisoner's need for medical care yet failed to provide the same.

> When a supervisory official is placed on actual notice of a prisoner's need for physical protection or medical care, "administrative negligence can rise to the level of deliberate indifference to or reckless disregard for that prisoner's safety."

*Layne v. Vinzant,* 657 F.2d 468, 471 (1st Cir.1981) (quoting *West v. Rowe,* 448 F.Supp. 58, 60 (N.D.Ill.1978)).

Plaintiffs' *pro se* complaint conclusorily claims that each of the defendants was notified of plaintiffs' medical conditions and that they, in an abusive and indifferent manner, denied them treatment. Plaintiffs' pleadings fail to allege facts demonstrating that defendants Montañez Feliciano and Rivera Vázquez, each holding supervisory positions within the correctional institutions involved, had any direct involvement or knowledge of the prisoners' need for medical care. To rise to a constitutional deprivation, there must be a showing that prison officials were deliberately indifferent to a serious medical need of a prisoner. *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A supervisor "may be found liable only on the basis of his own acts or omissions." *Gutiérrez–Rodríguez v. Cartagena,* 882 F.2d 553, 562 (1st Cir.1989). A medical need is "serious" if it is " 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.' " *Ramos v. Lamm,* 639 F.2d 559, 575 (10th Cir.1980), *cert. denied,* 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1981) (citations omitted). "Deliberate indifference may be demonstrated by actual intent or reckless disregard. A defendant acts recklessly by disregarding a substantial risk of danger that is either known to him or would be apparent to a reasonable person in his position." *Miltier v. Beorn,* 896 F.2d 848, 851–52 (4th Cir.1990).

A supervisor cannot be found liable on a medical treatment claim absent an allegation that he was personally connected with the denial. *Gutiérrez–Rodríguez v. Cartagena, supra; Vinnedge v. Gibbs,* 550 F.2d 926 (4th Cir.1977). Supervisory liability for denial of medical treatment requires a showing that supervisory officials failed to promptly provide an inmate with needed medical care, deliberately interfered with the prison doctor's performance, tacitly authorized or were indifferent to a prison physician's constitutional violations, *Miltier,* 896 F.2d at 854, or were responsible for alleged training deficiencies which caused harm. *Mitchell v. Aluisi,* 872 F.2d 577 (4th Cir.1989).

Under the existence of these several theories of a supervisor's liability, it remains the obligation of the plaintiff to plead facts supporting the applicable theory with requisite specificity. Plaintiffs fail to include any evidence to link co-defendants Montañez–Feliciano and Rivera–Vázquez to plaintiffs' denial of medical treatment. Allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under section 1983.

The Court does not agree with the magistrate judge's conclusion that the complaint

presents a *prima facie* case of Eighth Amendment claims and thus cannot be dismissed. Plaintiffs were given the opportunity to amend the complaint and allege defendants' direct or personal involvement in the alleged constitutional deprivation. Plaintiffs' pleadings failed to allege facts demonstrating that co-defendants Montañez Feliciano and Rivera Vázquez, each holding supervisory positions within the Administration of Correction, had any direct involvement, knowledge of or responsibility for the alleged denial of medical care to plaintiffs.

Co-defendant Joseph Colón's motion to dismiss tendered with his motion to set aside default (Docket # 29) shall be considered now since it raises similar issues as those raised in co-defendants Montañez Feliciano and Rivera Vázquez's motion, specifically the issue of plaintiffs' failure to plead any acts or omissions of defendants.

The defendant whose liability the Court is considering now is responsible for the administration of the entire prison system, not just a single institution. Puerto Rico law provides that the Administration of Correction shall have the duty and power

> [t]o establish programs to offer adequate medical care and hospital services intended to prevent diseases and the diagnosis, treatment and rehabilitation of the patient. The services may be furnished, whenever the circumstances so require, outside Administration facilities under the necessary security measures.
>
> Detailed records of medical examinations and the health condition of the patient shall be kept.

P.R. Laws Ann., tit. 4 § 1112(f).

Joseph Colón, as former director of the Administration of Correction had the statutory duty to ameliorate plaintiffs' medical conditions which led to plaintiffs' health deterioration. *See Miranda v. Muñoz*, 770 F.2d 255 (1st Cir.1985). The circumstances surrounding plaintiffs' health conditions and the failure to provide medical care were known to the Administrator of Correction. Plaintiffs had filed a case on June 28, 1994, against the Administrator of Correction and others in the Commonwealth court alleging that they did not provide them with the prescribed medication and diet. Judgment by default was entered on September 23, 1994, ordering the Administration of Correction to provide plaintiffs with all the prescribed medication and to punctually take them to their medical appointments. A motion for contempt of the Court's order of September 23, 1994, was filed by co-plaintiff Ramos Pérez.

Plaintiffs' medical needs were serious; they were diagnosed with hepatitis and co-plaintiff Ramos Pérez with diabetes. These conditions required treatment, and the Administration of Correction was placed on actual notice of plaintiffs' need for medical care, yet, allegedly failed to provide the same.

The Administrator of Correction also claims that he was sued in his official capacity, therefore, plaintiffs' claims are barred by Eleventh Amendment immunity.

■ A plaintiff may sue state officials in their individual capacity for damages arising from violations of constitutional rights. To maintain such an action plaintiff must show, under 42 U.S.C. § 1983, that (1) the defendant official acted under "color of state law" and (2) his conduct or actions deprived him of rights, privileges or immunities guaranteed by the Constitution or laws of the United States. Plaintiffs claim that the Administrator of Correction knew about their need for medical care, yet was deliberately indifferent to their serious medical needs, violating their rights under the Eighth Amendment. Although plaintiffs did not specify in their complaint that they were suing prison officials in their individual capacities, they sought damages for the prison officials' alleged deliberate indifference to their serious medical needs, which the Court construes as a suit against the officials in their individual capacities *See, e.g., Price v. Akaka*, 928 F.2d 824, 828–29 (9th Cir.1990), *cert. denied*, 502 U.S. 967, 112 S.Ct. 436, 116 L.Ed.2d 455 (1991).

The last point raised by the Administrator is that the Administration of Correction is not responsible for the medical treatment of the inmates. On March 26, 1990, an agreement was signed between the Administration of Correction and the Department of Health whereby the responsibility for ensuring ade-

quate diagnosis and medical treatment belongs to the Department of Health.

This is not a case where a prisoner challenges matters of medical judgment or otherwise expresses a mere difference of opinion concerning the appropriate course of treatment.[1] *Ledoux v. Davies,* 961 F.2d 1536, 1537 (10th Cir.1992); *Miltier v. Beorn, supra.* Plaintiffs herein claim that the supervisory defendants failed promptly to provide them with needed medical care. *Miltier, supra.* As stated previously, deliberate indifference can be manifested by supervisory officials in failing promptly to provide an inmate with needed medical care, in deliberately interfering with the prison doctor's performance, and in tacitly authorizing or being indifferent to the prison physician's constitutional violations. *See Estelle v. Gamble,* 429 U.S. at 104–05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), *Miltier, supra.*

In view of the above findings, the Court does not approve the magistrate judge's report and recommendation. The Court hereby **GRANTS** Joseph F. Colón's "Motion to Set Aside Entry of Default" (Docket # 29) and allows the filing of his motion to dismiss, **DENIES** Joseph F. Colón's motion to dismiss, and **GRANTS** co-defendants Montañez Feliciano and Rivera Vázquez's motion to dismiss (Docket # 17).

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

---

**1.** Plaintiffs include in their caption of the complaint the Department of Correctional Health Services and Enok Dávila, President of Aras Service, Inc. They summarily allege that the doctors who treated them were indifferent, incurring in medical malpractice; however, the complaint is not directed against the prison physicians who actually performed the treatment.